A89A1224. BALLARD v. DENSON CONSTRUCTION COMPANY.
(389 SE2d 17)

Pope, Judge.

Appellant-plaintiff was a subcontractor of appellee-defendant on a job to construct a new ambulatory center for the Medical Center, Inc., in Columbus. The contract between the parties provided in Article X that defendant would pay plaintiff $135,546 for the job, to be paid in installments as the owner (The Medical Center) paid defendant. The provision further authorized defendant to withhold payment until plaintiff provided defendant with suitable evidence that plaintiff had paid in full for all labor, materials and supplies used on the job through the date of the payment sought.

Upon completion of the project, after the owner paid defendant, plaintiff sought final payment for his work. Defendant paid all but

$7,803 which represented the amount claimed by Denvel Milam against plaintiff in a mechanic's lien filed in superior court for work allegedly done by Milam on the hospital project.

Plaintiff then brought suit against defendant for the unpaid amount and additionally sought punitive damages and attorney fees. Defendant answered, denying the allegations, counterclaimed to interplead Milam and paid the amount in dispute into the registry of the court. Within two weeks of the time suit was filed, the lien expired by operation of law pursuant to OCGA § 44-14-362 (3) because Milam failed to commence an action within 12 months of the time the money was due. On motion by plaintiff, unopposed by defendant, the court allowed plaintiff to withdraw the funds. The court then granted defendant's motion for summary judgment as to the main claim and on the claim for interpleader. *Held*:

We affirm. Plaintiff chose not to produce any evidence in opposition to defendant's motion, taking the position that defendant's motion failed to pierce the allegations of his complaint. We find that defendant's motion did pierce the allegations.

Article VIII (a) of the contract between the parties reads in pertinent part: "Sub-contractor [plaintiff] shall turn said work over to Contractor [defendant] in good condition and free and clear of all claims, encumbrances or liens. . . ." Article X, as noted above, provides that defendant "may withhold payment of any estimate until Sub-contractor has furnished Contractor with suitable evidence that he has paid in full for all labor, materials and supplies used in the work through the date of the estimate." On February 3, 1988, plaintiff signed an affidavit to receive payment. In Paragraph 3 he averred: "That there are no accounts unpaid to labor, material and equipment suppliers or any other persons owed by Affiant or his company that could result in any claim or lien against Denson Construction Company or the owner of the property. . . ." In Paragraph 5, plaintiff averred that "Affiant acknowledges receipt of $137,657.00 which is the amount due under the terms of the above set forth contract. Said amount represents 94.6 percentage of the total amount due. $7,803.00 is being held pending clearing of mechanics lien by Denvel Milam." Defendant filed the affidavit of its president, O. Earle Denson, with its motion for summary judgment. Paragraph 6 of the affidavit states: "Thomas L. Ballard was told by me at the time of the giving of the affidavit [mentioned above] that he would receive his final payment . . . when he had caused Denvel E. Milam, Jr. to release the lien."

From this record, it is apparent that defendant is correct in asserting that plaintiff failed to fulfill a condition precedent in the contract before final payment was due. Article VIII required that the work be free of liens when it was turned over. Article X specifically authorized defendant to withhold payment until plaintiff provided

defendant with "suitable" proof that everything was paid. Plaintiff's own affidavit refutes his argument that he fulfilled this requirement because it recites that money is being withheld pending the clearing of the lien. Denson's affidavit buttresses defendant's position and establishes that plaintiff failed to provide defendant with proof that all money due subcontractors had been paid. Thus, the money allegedly due under the complaint did not become due until the lien was dissolved. The record is devoid of any evidence that defendant breached any duty toward plaintiff.

Defendant's motion for sanctions pursuant to Court of Appeals Rule 26 (b) is denied.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 28, 1989.

*Vincent W. Roses, Jr.*, for appellant.
*W. Donald Morgan, Jr.*, for appellee.